UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIENNA CONDOMINIUM ASSOCIATION, | |
| Plaintiff, | Case No. 23-cv-3801 |
| v. | Judge Mary M. Rowland |
| INSURANCE COMPANY OF GREATER NEW YORK | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sienna Condominium Association ("Sienna") filed suit against Defendant Insurance Company of Greater New York ("GNY") after GNY denied Sienna's claim for property insurance coverage. [1]. Sienna claims that GNY breached its contract for insurance policy, violated the Illinois Insurance Code, and that its claim adjuster acted fraudulently. Before this Court is GNY's motion to dismiss Sienna's claim of common law fraud and request for punitive damages. [9]. For the reasons explained below, this Court grants GNY's motion to dismiss.

I. Background

The Court takes the following factual allegations as true at the motion to dismiss stage. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Sienna owns several residential condominiums and improvements

1

located in Wheeling, Illinios.[1] [1] ¶ 1. GNY is a New York-based insurance carrier. *Id.* ¶ 2. On March 27, 2022, GNY issued a policy to Sienna for property and liability insurance. *Id.* ¶ 5. The policy, recorded as policy number 6112M98789, was effective from March 27, 2022 to March 27, 2023. *Id.* Sienna duly paid all premiums associated with the policy throughout this term. *Id.*

On June 13, 2022, wind, rain, and hail caused physical damage to Sienna-owned buildings. *Id.* ¶¶ 8, 17. Sienna hired Semper Fi Public Adjusters Midwest, LLC ("Semper Fi") to inspect and estimate the loss, as well as facilitate filing an insurance claim. *Id.* ¶ 9. Semper Fi inspected the property in January 2023 and found the June 2022 storm caused significant exterior and interior physical damage to the buildings. *Id.* ¶ 10. Semper Fi, acting on behalf of Sienna, contacted GNY and made a claim under the insurance policy. *Id.* GNY assigned the claim number F0694209-01. *Id.*

On January 4, 2023, Kenneth Soyk, a GNY adjuster, came to the Sienna property along with a GNY engineer, but inclement weather prevented them from completing an inspection. *Id.* ¶ 11. On that date, Soyk told Semper Fi adjuster John Faranzena, who was acting as Sienna's agent, that GNY would not credit Sienna's account of hail damage. *Id.* ¶ 32. Instead, Soyk said, GNY would retain a "favored meteorologist" to state that it did not hail on the date in question, and the claim would automatically be denied. *Id.* Soyk also told Faranzena that GNY only paid out

---

[1] The full list of properties Sienna owns is identified in the Complaint. [1] ¶ 1.

2

claims for hail damage when compelled by litigation. *Id.*

On January 23 and 24, 2023, Soyk returned with an engineer to inspect the buildings. *Id.* ¶ 12. A Semper Fi representative also attended the inspection. *Id.* Sienna alleges that GNY did not conduct a "full and complete inspection." *Id.* Thereafter, GNY denied Sienna's claim. *Id.* ¶ 13.

On June 15, 2023, Sienna filed suit against GNY. [1] The complaint alleges that GNY breached the contract (Count I) and violated Section 155 of the Illinois Insurance Code (Count II), and that Soyk's statements amounted to common law fraud (Count III). Sienna seeks both consequential damages and punitive/exemplary damages. *Id.* ¶ 35. GNY now moves to dismiss Count III, arguing that Sienna's breach of contract and Section 155 claims preempt its claim for common law fraud as well as its request for punitive damages. [9].

**II. Legal Standard**

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), the claim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding

a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the pleading party's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586-87 (7th Cir. 2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

When a complaint alleges fraud, the heightened Rule 9(b) standard applies, requiring the pleading to "'state with particularity the circumstances constituting fraud.'" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (quoting Fed. R. Civ. P. 9(b)). Common-law fraud claims "must be pleaded with the detail required under Rule 9(b)'s heightened standard." *Newman v. Metro. Life Ins. Co.*, 885 F.3d 992, 998 (7th Cir. 2018). "While the precise level of particularity required under Rule 9(b) depends upon the facts of the case, the pleading ordinarily requires describing the who, what, when, where, and how of the fraud." *Camasta*, 761 F.3d at 737 (internal citation and quotations omitted).

### III. Analysis

#### A. The Common Law Fraud Claim is Not Preempted

4

In Count III, Sienna pleads a common law fraud claim based on Soyk's comments on January 4, 2023. GNY moves to dismiss the claim, arguing that that the fraud count mirrors the breach of contract allegations and is preempted by Section 155 of the Illinois Insurance Code. For the reasons that follow, the Court finds the claim is not preempted.

It is well-settled under Illinois law that fraud claims must be "more than restatements of the claimed breach of contract, albeit using the language of fraud." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) (applying *Avery v. State Farm Mut. Auto Ins. Co.* 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (2005)). "A breach of a contractual promise, without more, is not actionable under the [Illinois] Consumer Fraud Act," nor under a common law theory of fraud. *Greenberger*, 631 F.3d at 399. In the insurance context, that means a fraud claim cannot "boil[] down to an insurer's failure to pay." *W. Howard Corp. v. Indian Harbor Ins. Co.*, 1:10-CV-7857, 2011 WL 2582353, at *5 (N.D. Ill. June 29, 2011) (quoting *E.J. Sieron, et al. v. Hanover Fire and Cas. Ins. Co.*, 485 F.Supp.2d 954, 961 (S.D.Ill. 2007)). Plaintiff must allege "affirmative acts of misrepresentation" distinct from any underlying breach of contract. *Dyson, Inc. v. Syncreon Tech. (Am.), Inc.*, 17 C 6285, 2019 WL 3037075, at *5 (N.D. Ill. July 11, 2019).

Section 155 of the Illinois Insurance Code similarly preempts duplicative fraud claims. The statute already "provides an extracontractual remedy for policyholders who have suffered unreasonable and vexatious conduct by insurers with respect to a claim under the policy." *Cramer v. Ins. Exch. Agency*, 174 Ill.2d 513, 522-23, 675

N.E.2d 897, 902 (1996). An insurer's conduct may give rise to both a breach of contract and/or Section 155 violation and a separate tort action, *id.*, but only when the alleged misconduct crosses the line from "bad faith or unreasonable and vexatious conduct" into a well-established tort such as common law fraud. *Frazin v. Paul Revere Life Ins. Co.*, 17 C 2152, 2018 WL 1561732, at *2 (N.D. Ill. Mar. 30, 2018) (quoting *Cramer*, 675 N.E.2d at 904)). To determine whether a fraud claim is preempted, courts must "look beyond the legal theory asserted to the conduct forming the basis for the claim." *Id.*

Here, Sienna's fraud claim stems from Soyk's first visit to its property on January 4, 2023. Soyk told Sienna's adjuster and agent that GNY would deny the claim because it would "simply retain a favored meteorologist to say that it did not hail on the date of loss, regardless of the veracity of that conclusion," and "that if insurance money is to be sought and received from Defendant, litigation will be required to accomplish that end." [1] ¶ 32. GNY argues that because Soyk's statements were made in connection with its denial of the claim, the factual allegations underlying the fraud count overlap too much with the breach of contract and Section 155 claims.

The Court disagrees. Reading the allegations in the light most favorable to Sienna, Soyk did more than breach a contractual promise to pay a claim; he represented that GNY, as a matter of course, engages in deceptive practices to deny coverage. These statements imply an "overarching scheme" by GNY to not pay claims on hail damage "with the intent to not fairly consider those claims." *Gen. Ins. Co. of*

6

*Am. v. Clark Mali Corp.*, 08 C 2787, 2010 WL 1286076, at *9 (N.D. Ill. Mar. 30, 2010). In *Clark Mali Corp.*, plaintiff alleged that defendant insurance company stymied a claim investigation by requiring a bevy of irrelevant documents and witness testimony. The court found this "series of acts . . . seems like a good deal more than a simple breach of contract." *Id*; *see also Dyson*, 2019 WL 3037075, at *5 (denying motion to dismiss fraud claim based because the "allegedly false statements are not promises to perform obligations under the contract . . ."). The court reached the same result in *Pekin v. Paul Revere Life Ins. Co.* concerning allegations that an insurance company lied about pertinent dates in a claim investigation. 08 C 3644, 2010 WL 2731063, at *8 (N.D. Ill. July 8, 2010). The insurance company's potential deceptive practices in the investigation, the court found, went beyond both garden-variety breach of contract and the "vexatious and unreasonable behavior" prohibited by Section 155 to state claim for fraud, even though the claims were all "based on the same underlying facts." *Id*.

Here, the factual allegations underlying the fraud claim speak to GNY's affirmative fraudulent actions to refuse payment rather than its contractual promises. Sienna does not premise the claim on the plain language of the contract, *cf. GuideOne Mut. Ins. Co. v. Good Shepherd Lutheran Church*, 20 C 4730, 2021 WL 3077658, at *4 (N.D. Ill. 2021), nor does it restate the allegations made in Count II (its Section 155 claim) that the investigation was incomplete, *cf. Souza v. Erie Ins. Co.*, 22 C 3744, 2023 WL 4762712, at *9 (N.D. Ill. July 25, 2023).

7

At bottom, Soyk's statements, taken as true, are not the "type of misrepresentation that occurs every time a defendant breaches a contract." *Greenberger*, 631 F.3d at 399 (quoting *Avery*, 836 N.E.2d at 844). Sienna's allegations of fraud meaningfully differ from the conduct alleged in its claims under the contract and Section 155. As such, the fraud claim is not preempted.

### B. Sienna Has Not Pled the Fraud Claim with Particularity

Sienna is not out of the woods yet. To state a claim for common-law fraud, a plaintiff must plead: "1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007) (quoting *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d. 482, 496, 675 N.E.2d 584, 591 (1996)) (internal quotations omitted).

Sienna has not alleged with particularity that it relied on the truth of Soyk's statements. In the complaint, Sienna avers that John Farenzena, its agent, "did rely on said false statement(s) when deciding how to proceed forward with handling of the subject insurance claim on behalf of Plaintiff." [1] ¶ 34. It does not allege in any further detail, consistent with Rule 9(b), *how* its agent relied on the statement. Sienna elaborates in response to the motion to dismiss that Soyk's statements were "meant to dissuade the Plaintiff and/or its representatives from proceeding forward with the claim." But Sienna was clearly not so dissuaded – it did file a claim, and

8

GNY employees returned twice over the next month to complete an investigation. *Id.* ¶¶ 11-12. When it is alleged that a defendant's "misrepresentations . . . were designed to induce plaintiffs to forgo their rights under the insurance policy," plaintiff's subsequent claim under the policy "controvert[s] rather than support[s] the element of reliance." *Woodard v. Am. Family Mut. Ins. Co.*, 950 F.Supp. 1382, 1388-89 (N.D. Ill. 1997).[2]

Because Sienna does not adequately plead that it relied to its detriment on GNY's misrepresentations, GNY's motion to dismiss Count III is granted.

### C. Punitive Damages are Barred

In Illinois, punitive damages are not recoverable for breach of contract, and Section 155 provides a limited extracontractual remedy that preempts punitive damages. *Wexler v. Chubb Nat'l Ins. Co.*, 21 CV 2543, 2022 WL 279571, at *8 (N.D. Ill. Jan. 31, 2022) (citing *Cruthis v. Firstar Bank, N.A.*, 822 N.E.2d 454, 463 (Ill. App. 2004) and *Cramer*, 675 N.E.2d at 901). Punitive damages are only available to the extent that plaintiff pleads a separate independent tort. *Hardin, Rodriguez & Boivin Anesthesiologists, Ltd. v. Paradigm Ins. Co.*, 962 F.2d 628, 638 (7th Cir. 1992). As laid out above, the Court has dismissed Count III, Sienna's only alleged independent tort. Ergo, punitive damages are not available.

## IV. Conclusion

---

[2] Sienna may have relied on Soyk's statements to the extent that it filed a lawsuit. Soyk allegedly told Sienna's agent that "litigation will be required" to compel GNY to cover a claim for hail damage. [1] ¶ 32. There are two problems with this inference: (1) it appears to be accurate, not fraudulent; and (2) given Rule 9(b)'s particularity requirement, the Court is not permitted to jump to such a conclusion.

9

For the reasons explained above, Count III of Sienna's complaint as well as its request for exemplary and punitive damages are dismissed without prejudice.

E N T E R:

Dated: March 22, 2024

_____
MARY M. ROWLAND
United States District Judge